**Eduardo Antonio ARIAS–GOMEZ, a/k/a Eduardo Arias, Petitioner,**

**v.**

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–1952–ag.

United States Court of Appeals, Second Circuit.

Oct. 10, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

Michael P. Diraimondo (Marialaina L. Masi, Mary Elisabeth Delli–Pizzi, Stacy A. Huber, of counsel, on the brief), Melville, NY, for Petitioner.

Ken Stahl (Scott Dunn, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, of counsel, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. CHARLES L. BRIEANT, District Judge.[1]

Petitioner Eduardo Antonio Arias–Gomez ("Arias"), a native and citizen of the Dominican Republic, seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. *In re Arias–Gomez,* No. A34 020 014 (B.I.A. Apr. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

1. The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Moreover, where, as here, we are reviewing a "final order of removal" issued against a deportable criminal alien, we are deprived of jurisdiction to review the petition except insofar as it raises "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(C)–(D).

Arias argues that the BIA abused its discretion in that (1) it "failed to even acknowledge that [his] motion … was [also] filed pursuant to the regulations found at 8 C.F.R. § 1003.44"; (2) it was obligated to use its authority to grant his motion *sua sponte* given that he "raised a colorable claim to entitlement to § 212(c)" relief under *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); (3) his motion to reopen was not untimely because its untimeliness should be judged under the standards set by 8 C.F.R. § 1212.3, which carries no time limit, rather than 8 C.F.R. § 1003.44; and (4) his motion "raised a colorable claim that he was the victim of ineffective assistance of counsel, thereby tolling the time period for motions to reopen under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) and *Iavorski v. INS*, [232 F.3d 124, 134 (2d Cir.2000)]." More generally, Arias asserts that the failure of the BIA to consider his 212(c) claim on the merits deprived him of due process. To the extent these arguments raise questions of law or a

claims with a constitutional dimension, we find them to be without merit.

■ Notwithstanding his contention that the BIA abused its discretion in analyzing the motion to reopen exclusively under 8 C.F.R. § 1003.2(c) and not treating it, in the alternative, as a "special motion" under 8 C.F.R. § 1003.44, Arias did not actually file a special motion and had he done so, the BIA would have been under no compulsion to grant it. Although he listed "8 C.F.R. § 1003.44" among the authorities for his motion, Arias did not comply with the procedural requirements for filing a special motion by labeling the motion with the "notation 'special motion to seek 212(c) relief' " and "submit[ting] a copy of the Form I–191 application" along with the motion. *See* 8 C.F.R. § 1003.44(f). Even more critical, he did not file his motion until March 6, 2006, almost eleven months after the deadline for filing "special section 212(c) motions" had elapsed. *See* 8 C.F.R. § 1003.44(h) (stating the deadline to file such motions is "on or before April 26, 2005"). Finally, that he sought to reopen proceedings to challenge his criminal convictions based on ineffective assistance of counsel took his motion well beyond the scope of a "special 212(c) motion," which is intended "solely for … adjudicating the application for section 212(c) relief." *See* 8 C.F.R. § 1003.44(e).

■ We reject Arias's contention that the timeliness of his motion should be judged by 8 C.F.R. § 1212.3, which specifies no time limitation, rather than 8 C.F.R. § 1003.44, which does. First, Arias did not pursue this argument with the BIA. Accordingly, it is forfeited. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22 (2d Cir.2007) (issues not raised before the BIA are generally not considered in petition to review BIA's decision).

In any event, the argument lacks merit. Section 1003.44 was adopted after *St. Cyr*; it amended and replaced authorizations previously provided by § 1212.3. It provided a time limit for "special motions to seek § 212.(c) relief" of six months from the promulgation of the regulation. *See* 69 Fed.Reg. 57,826, 57,832 (Sept. 28, 2004). Section 1212.3, when initially promulgated in 2001, similarly provided a deadline of six months from its promulgation (to July 23, 2001) for the renewal of § 212(c) motions that had been denied in improper reliance on the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *Id.* Section 1212.3 was retained, rather than repealed, because there were timely filed motions under it which had not yet been adjudicated. *Id.* Its time limitation provision was, however, repealed, apparently because of the perception that the motions to be filed under § 1212.3 had been filed long ago, and it was anticipated that new filings would invoke the authority in § 1003.44. The Attorney General made clear at the time of promulgation of the new § 1003.44 that "[t]his rule does not extend the deadline of July 23, 2001," for motions under § 1212.3. *Id.* We conclude that these regulatory changes were not intended to eliminate any time limitations for a motion under § 1212.3, but rather to substitute § 1003.44's deadline of April 26, 2005.

As to the claim that the BIA abused its discretion in failing to *sua sponte* reopen the case, we have "join[ed] our sister circuits in holding that a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review–in other words, we lack jurisdiction to review the BIA's decision not to reopen ... immigration proceedings *sua sponte*." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

The contention that the BIA abused its discretion by declining to invoke principles of equitable tolling under § 1003.2(c) is equally unavailing here because Arias's motion relates to a removal order that became final on July 21, 1997, meaning he was required to file his motion to reopen no later than October 19, 1997. *See* 8 C.F.R. § 1003.2(c)(2). Even if one were to grant Arias the benefit of a renewed 90–day period running from either the date of the Supreme Court's *St. Cyr* decision or the enactment of the regulations implementing it, his motion was still years late.

Furthermore, while Arias argues that he was entitled to equitable tolling because his counsel in the criminal case was ineffective in not informing him of the consequences of his plea agreement, his chief authority for this claim is *Iavorski*, 232 F.3d at 134, and *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Both of those cases addressed reopening based on ineffective assistance of counsel at an earlier stage in *immigration* proceedings, and are not obviously relevant to a request for reopening predicated on a claim of ineffective assistance in a *criminal* proceeding. In any case, as the BIA noted, Arias surely knew that he had received ineffective assistance by 1997 when the order of removal in his case became final. That he then waited almost ten years to file for relief cannot, on any fair account, be attributed to the failings of his counsel in the criminal case and qualifies as a lack of reasonable diligence. *See Iavorski*, 232 F.3d at 134 (requiring diligent action once the ineffective assistance "is, or should

**372**

have been, discovered by a reasonable person in the situation").

■ Finally, the argument that "by literally denying the existence of evidence presented regarding the Petitioner's right to apply for § 212(c) relief, the BIA violated [Arias's] constitutional right to a fundamentally fair hearing and due process" lacks merit as a constitutional claim. The regulations implemented in the wake of *St. Cyr* afforded Arias a sufficient window to raise his § 212(c) claims, the BIA acted reasonably when it determined that equitable tolling was not appropriate, and Arias cannot now recast his dismay with the result as a matter of due process. *See Johnson v. Gonzales,* 478 F.3d 795, 798–99 (7th Cir.2007) (upholding the BIA's adherence to the deadline in § 1003.44 on the ground that the "rule does not eliminate relief; it simply imposes a deadline for requesting relief, the sort of procedural limitation that is commonly found in the law").

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, the stay of removal that the Court previously granted in this petition is **VACATED.**